DUBERSTEIN IRON & METAL CO., APPELLEE, *v.*
CITY OF DAYTON, APPELLANT.

(No. 2578—Decided April 27, 1960.)

*Messrs. Kusworm & Kusworm*, for appellee.

*Mr. Herbert S. Beane*, city attorney, and *Mr. Joseph P. Duffy*, for appellant.

WISEMAN, P. J. This cause is submitted on motion of the appellee for an order dismissing the appeal on law and fact and retaining it as an appeal on questions of law only.

Essentially, the action is one in which the primary and paramount relief sought is a declaratory judgment. All other relief is ancillary in nature.

Whether an appeal may be taken on questions of law and fact is now controlled by Section 2501.02, Revised Code, as amended effective October 4, 1955. The former chancery test is no longer applicable. The above cited statute lists the classes of actions in which an appeal on law and fact may be taken. Unless the "primary and paramount relief" sought falls in one of the designated classes, the statute provides that "the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only." Inasmuch as this action does not fall in one of the designated classes, the motion to dismiss the appeal on questions of law and fact will be sustained, and the appeal retained as an appeal on questions of law. Section 2505.23, Revised Code.

Inasmuch as the appellant filed a bill of exceptions in this

court on March 24, 1960, and assignments of error and briefs on March 25, 1960, the court orders same to be refiled in conformity with the provisions of Rule V D, of Rules of the Courts of Appeals. It is apparent that the appellant treated this appeal as an appeal on questions of law only.

*Judgment accordingly.*

CRAWFORD and KERNS, JJ., concur.